STATE v. FLOYD MAY.

(Filed 20 January, 1967.)

**Criminal Law § 71—**

The admission of defendant's incriminating statement in evidence *held* error entitling defendant to a new trial upon authority of *State v. Fuqua*, ante 223.

APPEAL by defendant from *Bickett, J.*, June 1966 Criminal Session of ALAMANCE.

This is a companion case to *State v. Fuqua*, also decided this day.

Defendant Floyd May, Jerry Arnold Fuqua and Richard May were respectively charged with breaking, entering and larceny by bill of indictment returned by the Grand Jury of Alamance County at the June 1966 Criminal Session of Alamance. All three defendants entered pleas of not guilty.

The State introduced evidence tending to show that on the night of 26 January 1965 a building in Mebane housing the Carolina Cotton Shops, Inc., was broken into and a strongbox containing approximately $305.00 in checks and cash was removed therefrom.

W. J. Cook, a police officer employed by the Town of Mebane at the time, testified that he questioned defendant in his cell in the Orange County jail at about 1:00 a.m. on 15 March 1965, and that while there the defendant made certain statements to him. Upon objection by defendant's counsel, the trial judge conducted a *voir dire* hearing in the absence of the jury to determine if the statement made to officer Cook was voluntary and admissible. Cook testified that he talked with defendant and Richard May in the Orange County jail and told them "They had the right to remain silent or not say anything to me, and they had the right to legal counsel, and anything they did say could be used for or against them in the court." He further testified that he did not make any promises of leniency, but he did tell them that *if they wanted to talk to him then he would be able to testify in court that they were cooperative with "us" in the case,* "and that is what I can do because they did." Officer Cook further testified that defendant May told him how the defendant and the others on 26 January drew up plans to break and enter the Carolina Cotton Shops and that pursuant to these plans they went to the building and defendant stood watch outside while others opened and went in through a window and afterwards they all returned to Clyde Junior Allen's house, where they divided the money taken.

At the close of the *voir dire* the judge found as follows:

"The statements made to W. J. Cook by Mr. Floyd May in the Orange County Jail were made freely and voluntarily and without fear, or reward or hope of reward, and after having been fully advised by Mr. W. J. Cook of his rights to remain silent, of his right to counsel, and that anything he might say could be used for or against him in court, and that no inducement was made to Mr. May."

Officer Cook was allowed over objection to testify in the presence of the jury as to defendant's statements.

The jury returned a verdict of guilty, and from judgment entered thereon defendant appeals.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*John D. Xanthos for defendant.*

PER CURIAM. Defendant in this action was indicted and tried at the same time and upon the same bill of indictment as Jerry Arnold Fuqua *(State v. Fuqua)*. The decisive facts in the instant case and in *State v. Fuqua* are the same. Upon authority of *State v. Fuqua, ante* 223, and cases therein cited, we hold that the confession made by defendant to officer Cook was involuntary. Since it was error to admit the confession into evidence, there must be a

New trial.